Mathews J.
delivered the opinion of the court. This is a suit in which the right to the curatorship of the estate of Solomon Sterne, deceased, is claimed by both parties. It appears that the estate is ab intestato, and also such as is known to our laws by the denomination of a vacant estate, claimed by no person, as heir, or under any title. For its administration therefore a curator ought to be regularly appointed.
The case comes before us on an appeal from the district court, to which an appeal was taken from the judge of probates of the parish of New-Orleans—the same party, the defendant, being appellant in both instances.
It is contended, on the part of the plaintiff and appellee, that this is such a case in which the district court had no jurisdiction, and to this and a bill of exceptions was taken to the opinion of that court, in sustaining the appeal—that this is not a case in which an appeal lies to this *371 court: lastly that the judgment of the district court, affirming that of the court of probates, is correct.
East’n. District.
May 1816.
I. We are of opinion that the right of appeal to the district court from the court of probates, is clearly given by the act defining the jurisdiction of the court of the parish and city of New-Orleans, and that the district court was correct in taking jurisdiction of the cause, as it appears to be one of those in which an appeal was authorised by law from the court of probates to the late superior court.
II. It being admitted by the parties that the estate of the intestate exceeds the value of three hundred dollars, according to a just and rational construction of the constitution and laws from which this court derives its judicial powers, we do not doubt our right of entertaining jurisdiction of the present case.
III. The correctness of the judgment of the district court, in affirming that of the court of probates, must be tested by an examination of the judge's conduct in the course of the trial of the cause, as brought before us on the bill of exception, taken by the counsel of the defendant and appellant to the opinion by him given, in *372 refusing to hear a witness offered to prove the following facts: 1. that the plaintiff had no domicil in the city, and had not resided therein three months prior to his application for letters of curatorship : 2. that he possessed no property within the parish: 3. that the defendant and appellant was an old and intimate friend of the deceased, who shortly before had expressed his wish that he should have the charge of his property, after his death: 4. that the defendant was a larger creditor than the plaintiff: 5. that he was the most discreet person to have been appointed curator, was a man of considerable property and standing, and his views, in applying for letters of curatorship, were to preserve the property for the heirs.
To determine whether the district court erred in rejecting the testimony thus offered, it is necessary previously to ascertain the nature and effect of an appeal from a court of probates to a district court, and also the legal weight and consequence which a proof of these facts ought to have on the respective rights of the parties.
An appeal from any of the late inferior tribunals to the territorial superior court, was always considered by the judges of that court, and we believe correctly, as bringing the case up for the purpose of trial de novo, in which the court was *373 bound to give judgment on a full hearing of all legal testimony in the case, as if in the first instance; and according to the act above cited, the right of appeal from a probate to a district court, is placed on the same footing and must be governed by the same principles, which prevailed in similar instances before the late superior court.
If all or any of the facts, which the defendant and appellant offered to prove, might and ought to have changed the opinion of the district court with regard to the judgment of the court of probates, the judge erred in rejecting the testimony.
The causes which disqualify persons from being appointed tutors to minors, and which are applicable to curators ad bona, are expressed in the civil code 66, art. 47, and it is true, as stated by the counsel of the plaintiff and appellee, that none of the disqualifications there detailed, are attempted to be proven against his client.
It is admitted that this is the case of a vacant estate, in which a curator ought to be appointed, and, as there is more than one applicant for the office, the judge of probates was bound to exercise his discretion in chusing between them. But in judicial proceedings, the discretion of a judge is legal, not arbitrary. We have before stated that *374 the district court was bound to try the cause de novo, and consequently ought to have exercised a legal discretion, in deciding on the claims of the parties, after a full developement of all facts relating to them.
It is laid down in the civil code 14, art. 12, that in selecting curators to a vacant estate, the relations of the deceased are to be preferred to creditors, creditors to strangers and persons not interested in the succession, provided that the persons thus to be preferred, have the necessary qualifications.
We are clear that interest in the estate is the reason of the rule, by which the preference is established : and this reason, when a contest arises among creditors, if their qualifications are in all other respects equal, will extend the right to a preference to the creditor who holds the largest claim. We are therefore of opinion that the district court erred in refusing to admit the testimony offered by the defendant and appellant, by which he offered to prove himself a larger creditor than the plaintiff and appellee.
Altho' perhaps the circumstance of a person not being domiciliated in the state, would not exclude him from the office of curator ab intestato, claiming as a relation or creditors against *375 strangers or persons wholly uninterested in the succession, yet where two parties are contending for a preference, whose pretentions are in other respects nearly equal, it would be nothing more than an exercise of sound discretion in the judge, to prefer the citizen of the state who possesses property which is tacitly mortgaged for the faithful performance of his duties as curator, to strangers not possessing this additional qualification.
The intimacy which the defendant and appellant offered to prove to have subsisted betwen him and the deceased, and also the wish of the latter that he should in case of his death have the charge of his property, are circumstances, which alone would not even balance the pretentions of a bona fide creditor, but which combined as they are in the present case, with other matters, more immediately affecting the rights of the parties, might have some weight in the decision of the cause, and therefore may be received in evidence, without any violation of its rules.
It is ordered that the judgment of the district court be annulled, avoided and reversed, and that the cause be there remanded, for a new trial, with directions to the judge to admit the defendant and appellant to the proof of the facts *376 stated in his bill of exceptions, by any legal testimony in his power.
Livingston for the plaintiff, Ellery & Smith for the defendant.